```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

BRENDA LEWIS,                       )
                                    )
            Plaintiff,              )
                                    )
        v.                          )      C.A. No. 13-10488-NMG
                                    )
MASS BAY COMMUTER RAIL,             )
                                    )
            Defendant.              )
```

ORDER ON APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES

For the reasons stated below, the Court denies plaintiff's motion to serve documents and denies without prejudice plaintiff's application to proceed without prepayment of fees and affidavit.

DISCUSSION

On March 4, 2013, Plaintiff Brenda Lewis, a resident of Chelsea, filed her self-prepared complaint accompanied by an application to proceed without prepayment of fees and affidavit (the "IFP application").  At that time, the clerk issued summons for service of the defendant.  On June 21, 2013, plaintiff filed a motion "to serve documents."

Plaintiff's IFP application must be denied because it is incomplete.  In response to Question 2 on the Application, plaintiff states that she is employed.  However, she fails to state the amount of her take-home salary or wages and pay period. Plaintiff also fails to answer the second part of Question 3 on the Application concerning the source and amount of disability or

workers compensation benefits that she receives.  Finally, she fails to disclose the type and value of property she owns as asked in Questions 4 and 5 of the IFP application.  Thus, based on the incomplete financial disclosures, the Application is denied without prejudice.

Plaintiff may submit a new Application to Proceed Without Prepayment of Fees and include in that application a more detailed financial statement.  The plaintiff may wish to submit the "Long Form" application.  See AO Form 239.  Plaintiff shall also disclose whether she possesses any credit cards, along with the balance owed and credit limits, in order for this Court to determine whether charging the filing fee to her credit card is a viable option, in the event that plaintiff's assets cannot be readily liquified.[1]

Additionally, in considering an application to waive the filing fee, "a court may consider the resources that the applicant has or "can get" from those who ordinarily provide the applicant with the "necessities of life," such as "from a spouse, parent, adult sibling or other next friend."" Fridman v. The City of New York, 195 F. Supp. 534, 537(S.D.N.Y. 2002) quoting

---

[1] The Clerk's Office accepts payment of the filing fee through credit cards.  Thus, even if plaintiff cannot readily produce the filing fee, she may have a viable option of charging the fee to her credit card, and make payments to that credit company in installments. Such financial arrangement may ameliorate any draconian effect the imposition of the entire $350.00 filing fee might have on the plaintiff.

Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted). Therefore, since this Court may consider the assets of a supporting spouse in determining whether a litigant is entitled to in forma pauperis status, if Plaintiff seeks to renew her request, she shall provide financial disclosures of her spouse, if she is still married, or any other person who would ordinarily provide her with necessities.

Because the financial information in the application is incomplete, the Court cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice. The Court will grant plaintiff additional time to submit a new, fully-completed application, which may be either the AO 240 (short form) or AO 239 (long form).

## CONCLUSION

ACCORDINGLY, plaintiff's motion (#6) to serve documents) is denied and plaintiff's application (#2) to proceed without prepayment of fees is DENIED without prejudice. If plaintiff wishes to proceed with this action, she shall, within 21 days of the date of this Order, either pay the $350 filing fee or file a new, fully completed application to proceed without prepayment of fees. The clerk shall send plaintiff a copy of the AO 239 Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. If plaintiff fails to submit a new application or pay the filing fee, this action will be dismissed without

prejudice.

SO ORDERED.

<u>August 16, 2013</u>                                              <u>/s/ Nathaniel M. Gorton</u>
DATE                                                                  NATHANIEL M. GORTON
                                                                      UNITED STATES DISTRICT JUDGE